**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

DANNY LEE ASHBY                                                                                        PLAINTIFF
ADC #076639

V.                                       NO: 2:13CV00154 BSM/HDY

RAY HOBBS *et al*.                                                                                   DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Danny Lee Ashby, an inmate who is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on November 19, 2013, alleging that Defendants removed him from a porter job and placed him into more restrictive housing on June 22, 2013, while they investigated a claim of sexual misconduct made by another inmate.

On September 11, 2014, Defendants Todd Ball, Danny Burl, Cleaster D. Dean, Claudia Harris, Ray Hobbs, Larry May, and Valerie Westbrook, filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #53-#55). Plaintiff filed a response on October 14, 2014 (docket entry #57).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case.  *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to the complaint, on June 22, 2013, Plaintiff was working as a barracks porter when he was called to Dean's office and told another inmate had accused him of sexual misconduct. Plaintiff was placed on Prison Rape Elimination Act investigation status, moved to a more restrictive administrative segregation housing assignment , and removed from his job as a porter.  Plaintiff remained in segregation on investigative status for about three months, and was then reassigned to a different job.

Defendants assert that Plaintiff failed to exhaust his administrative remedies with respect to his claims against Ball, Burl, Harris, Hobbs, May, and Westbrook; that they are entitled to sovereign immunity with respect to any claim against them in their official capacity; that Plaintiff cannot establish a constitutional claim against any Defendant; and that they are entitled to qualified immunity.

Exhaustion

The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). However, lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). In support of their contention that Plaintiff failed to exhaust his administrative remedies as to all Defendant except for Dean, Defendants have provided the affidavit of Barbara Williams, the ADC's inmate grievance supervisor (docket entry #54-1). According to Williams, Plaintiff filed and fully exhausted no grievances relating to his claims against Ball, Burl, Harris, Hobbs, May, and Westbrook, from June 22, 2013, until the date he filed his lawsuit. Williams's affidavit indicates that Plaintiff did exhaust grievances against Dean. Plaintiff has offered no evidence to demonstrate that he exhausted any grievance regarding his claims against Ball, Burl, Harris, Hobbs, May, and Westbrook, before he filed this lawsuit. Therefore, Plaintiff's claims against Burl, Harris, Hobbs, May, and Westbrook, should be dismissed without prejudice.

Defendant Dean

Because Plaintiff did exhaust his administrative remedies with respect to his claims against Dean, the Court must consider the merits of those claims. Plaintiff contends that Dean is responsible for him losing his porter job, and being moved to more restrictive housing. Plaintiff also asserts that,

as a result of the incident, his classification was reduced,[1] and further claims that whenever he regains a favored class status, some incident is fabricated in an effort to again reduce his status.

It appears that Plaintiff's primary claim is that his due process rights were violated when he was removed from his job, lost class, and was transferred to a different housing area. Nothing described by Plaintiff rises to the level of an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) ( inmate was not deprived of liberty interest during 9 months in administrative segregation); *Hemphill v. Delo,* 124 F.3d 208 (table), 1997 WL 581079 at *2 (8th Cir. Sept. 22, 1997) (unpublished) (per curiam) (finding that four days of lockdown, thirty days in punitive disciplinary segregation, and 290 days in administrative segregation was not an "atypical and significant hardship" under *Sandin*.). Likewise, Plaintiff has no right to a specific job or housing assignment. *See Lyon v. Farrier*, 727 F.2d 766, 769 (8th Cir. 1984) (no right to prison job); *Goff v. Burton*, 91 F.3d 1188, 1191 (8th Cir.1996) (no constitutional right to particular prison). Finally, even if Plaintiff's class status was reduced, there is no liberty interest in a specific classification. *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990)(noting that an inmate has no right to any particular class status); *Strickland v. Dyer*, 628 F.Supp. 180, 181 (E.D. Ark. 1986)(finding that because Arkansas case law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding

---

[1]Defendants contend that Plaintiff's class was unchanged as a result of the incident. Regardless, it does not affect the conclusions reached in this recommendation.

5

classification, inmate could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction).

Plaintiff also alleged that his equal protection rights were violated and that he was subjected to cruel and unusual punishment. However, Plaintiff has alleged no facts to suggest any similarly situated inmate was treated differently than he was, nor has he described any cell conditions in the more restrictive housing assignment which deprived him of the minimal civilized measure of life's necessities. *See Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir.1998) (en banc) ("[t]he heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest"); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996) (discussing requirements to establish a condition of confinement claim).

Finally, even if prison policy was violated in the context of the investigation or Plaintiff's housing assignment or job transfer, there was no constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Accordingly, no material facts are in dispute, and Dean is entitled to summary judgment.[2]

---

[2] Plaintiff has also made vague allegations that while several inmates were placed under investigation, two others were released from the more restrictive housing on September 12, 2013, about two weeks earlier than he was. Plaintiff contends he was held longer because he filed grievances regarding begin placed under investigation. However, at least four other inmates were initially reassigned (docket entry #54-5, page #13), and it does not appear that Dean was responsible for Plaintiff's classification status (docket entry #54-5, pages #22-#36). Even if two inmates were released shortly before Plaintiff was, the facts alleged are insufficient to state a constitutional violation. *See Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996) (inmate claiming retaliation is required to meet substantial burden of proving actual motivating factor for adverse action was as alleged); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (allegations of retaliation must be more than speculative and conclusory); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be liable, defendant in § 1983 action must have been personally involved in or directly responsible for conduct that caused injury).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #53) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Defendants Cleaster D. Dean and the Arkansas Department of Correction, and DISMISSED WITHOUT PREJUDICE in all other respects.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   20   day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE